TORPY, J.,
concurring specially.
I fully concur in the majority opinion. I write separately to address the past recollection recorded exception to the hearsay rule. The use of this rule to admit the statement of a recalcitrant witness is problematic. The rule is intended for use when a witness has a genuine lapse in memory about certain facts or under circumstances where the recordation is made to document details that no witness can be expected to recall, such as when a police officer records a vehicle identification number or makes an inventory. The rule is not intended for use when an uncooperative witness makes a disingenuous claim of amnesia as to an entire incident. Here, arguably, the witness was less than candid about her purported memory lapse. Nevertheless, that argument was not advanced below. Had it been advanced, the lawyers might have made further inquiry of the witness and the trial judge might have made a finding of fact as to whether the witness actually had a memory lapse. Because the issue was not preserved for our review, and indeed not argued here, my discussion on this point is simply an academic exercise.
As for the issue of whether the accuracy “showing” was made, although argued here, that issue was not preserved below by trial counsel.[1] Adherence to the contemporaneous, specific objection rule is not merely a technicality, as this case illustrates. Had the correct objection been made, the proponent of the evidence would have had an opportunity to ask additional questions of the witness. Even a recalcitrant witness, when under proper instruction by a trial judge, might rise to the occasion and give truthful testimony. Because the correct objection was not made, the opportunity to further persist in an effort to lay the predicate was lost, and we are left to speculate about what might have occurred.
I also agree with my colleagues that the accuracy of the statement may be estab *944 lished through circumstantial proof. The recorded recollection statute requires a “show[ing]” that the memorandum is accurate. § 90.803(5), Fla. Stat. (2008). The linchpin of any hearsay exception is reliability. To tether the admissibility of recorded memoranda to the perfunctory attestation of accuracy by a testifying witness with memory problems is entirely formalistic and meaningless. Under this approach, the statement of a witness who recites the correct words is admissible, while the testimony of a witness who does not is excluded, without regard to the reliability of either. Just as a judge should have the authority to exclude a statement when the circumstances of its making suggest that it is unreliable, without regard the witness’s conclusory recital of magic, predicate words, so should a judge permit circumstantial proof to “show” that a statement is reliable. If the totality of the circumstances are sufficient to make a threshold “showing” of reliability, then the statement should be admitted.
Many, if not all, of the conflicting cases from our sister courts address situations where the witness was uncooperative. Although the dispositions in those cases turn on the lack of “showing” of accuracy, perhaps the better justification for excluding evidence of this sort is that the witness has no genuine lapse of memory but instead simply refuses to give truthful testimony.
Here, insofar as the “showing” issue is concerned, the circumstantial indicia of reliability were sufficient to admit the statement and permit the jury to weigh it with other evidence.

. Counsel on appeal did not participate at trial.